**RYLEY CARLOCK & APPLEWHITE,**
A PROFESSIONAL ASSOCIATION
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone: 602-258-7701
Telecopier: 602-257-9582
John C. Lemaster (AZ Bar #011588)
jlemaster@rcalaw.com
William B. McManus (AZ Bar #013607)
wmcmanus@rcalaw.com
Robert J. Pohlman (AZ Bar #004601)
rpohlman@rcalaw.com
Rodolfo Parga, Jr. (AZ Bar #015514)
rparga@rcalaw.com
John M. Fry (AZ Bar #020455)
jfry@rcalaw.com
Kara A. Ricupero (AZ Bar #020647)
kricupero@rcalaw.com
Peter J. Borns (AZ Bar #020998)
pborns@rcalaw.com
Sean T. Hood (AZ Bar #022789)
shood@rcalaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| TRANSWESTERN PIPELINE COMPANY, LLC, a Delaware limited liability company, | No. ___ |
| Plaintiff, | Parcel No. MA-169 |
| vs. | |
| 46.78 acres, more or less, of permanent easement located in Maricopa County; 58.84 acres, more or less, of temporary construction easement located in Maricopa County; 23.46 acres, more or less, of temporary access road easement located in Maricopa County; FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, as Trustee under Trust 8435 and Trust 8436, also referred to at Trusts 3435 and 3436; 10K, LLC, an Arizona limited liability company; PHOENIX HOLDINGS II, LLC, an Arizona limited liability company; W.V.S.V. HOLDINGS, LLC, an Arizona limited liability company; and UNKNOWN OWNERS, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

893751.1
11/18/07

For its Complaint, Plaintiff Transwestern Pipeline Company, LLC ("Transwestern") alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Transwestern is a Delaware limited liability company, and is authorized to transact and has been transacting business in the State of Arizona at all times relevant hereto.

2. On or about November 15, 2007, the Federal Energy Regulatory Commission ("FERC"), the successor of the Federal Power Commission, voted to issue a Certificate of Public Convenience and Necessity ("Certificate") to Transwestern after determining that it is necessary and in the public interest to expand Transwestern's existing pipeline by constructing a new segment of pipeline through Yavapai, Maricopa, and Pinal Counties within Arizona, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, necessary or desirable in connection with the certificated pipeline (the "Phoenix Expansion Pipeline").  A true and accurate copy of the Certificate is attached hereto as Exhibit 1.

3. The Certificate imposes certain conditions upon Transwestern that Transwestern has already met or is in the process of meeting.

4. Transwestern, as holder of the Certificate, is an agent of the United States.

5. The defendant property (the "Property") described in Exhibit 2, which is incorporated herein by reference, is located within Maricopa County.  Transwestern has not been granted a perpetual easement and right-of-way in, over, upon, across and under the Property for the construction of or access to the Phoenix Expansion Pipeline by its owners.

6. The defendant property (the "Property") described in Exhibit 2, which is incorporated herein by reference, is located within Maricopa County.  Transwestern has not been granted permission to use the Property as a temporary workspace for the construction of or access to the Phoenix Expansion Pipeline by its owners.

7. The defendant property (the "Property") described in Exhibit 2, which is

incorporated herein by reference, is located within Maricopa County. Transwestern has not been granted permission to use the Property as a temporary roadway for the construction of or access to the Phoenix Expansion Pipeline by its owners.

8. Transwestern has conducted a reasonably diligent search of public records, including records maintained by the County Assessor of Maricopa County, and has conducted a reasonably diligent inquiry to ascertain all parties owning or claiming an interest in the Property. Upon information and belief, Transwestern has identified at least one of the landowners of some part of or interest in the Property, and specifically, Transwestern has identified Defendants First American Title Insurance Company, as Trustee under Trust 8435 and Trust 8436, 10K, LLC, Phoenix Holdings II, LLC and W.V.S.V. Holdings, LLC as claiming an ownership interest in this property. These entities will be referred to herein as the "Owners."

9. Despite the reasonably diligent efforts described in the paragraph above, Transwestern may have been unable to identify one or more persons who claim to own or hold an interest in the Property, and Transwestern hereby joins all such persons to this action through the designation "Unknown Owners."

10. The Natural Gas Act, and specifically section 15 U.S.C. § 717f(h), as well as 28 U.S.C. § 1331, confers subject matter jurisdiction upon this Court.

11. The amount claimed by the Owners for a perpetual easement and right-of-way in, over, upon, across and under and for a temporary workspace upon and temporary roadway the Property exceeds $3,000.00.

12. The Property is located within the District of Arizona and venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

13. Transwestern owns and operates a natural gas pipeline system, which currently services western States, including Texas, New Mexico, Arizona, Nevada and California. The Arizona portion of Transwestern's existing pipeline generally runs parallel to Interstate 40 through the northern third of the State.

14. Transwestern identified a steadily increasing demand and need for natural gas in the Phoenix metropolitan area and surrounding areas, and applied to FERC to expand its existing pipeline by constructing the 36- to 42-inch wide and approximately 260-mile long Phoenix Expansion Pipeline through portions of Yavapai, Maricopa and Pinal Counties.

15. The Certificate issued by FERC authorizes Transwestern to construct the Phoenix Expansion Pipeline, and reflects that the public interest will be furthered by its construction.

16. Transwestern offered the Owners to purchase a perpetual easement and right-of-way in, over, upon, across and under the Property to construct, operate, maintain and access the Phoenix Expansion Pipeline authorized in the Certificate and to use a portion of the Property for temporary workspace and a temporary roadway.

17. The Owners rejected this offer.

18. Transwestern now seeks an Order that the Property be condemned, an Order entering a Preliminary Injunction so that Transwestern may obtain immediate possession of the Property, and a proceeding to adjudicate the amount of just compensation due to the Owners for the taking of a perpetual easement and right-of-way in, over, upon, across and under the Property and to use a portion of the Property for temporary workspace and for a temporary roadway to construct, operate, maintain and access the Phoenix Expansion Pipeline authorized in the Certificate.

## **COUNT I**

### **(Condemnation Under Power of Eminent Domain)**

19. Transwestern hereby incorporates the allegations of each of the foregoing paragraphs as if set forth fully herein.

20. Transwestern has negotiated for, and has acquired perpetual easements and rights-of-way in, over, upon, across and under many properties within Yavapai, Maricopa and Pinal Counties to construct, operate, and maintain the Phoenix Expansion Pipeline authorized in the Certificate.

21. Despite efforts to do so, Transwestern has been unable to acquire by contract, or to reach agreement as to compensation to be paid for, a necessary perpetual easement and right-of-way in, over, upon, across and under the Property to construct, operate, maintain and access the Phoenix Expansion Pipeline authorized in the Certificate or for a temporary workspace upon or a temporary roadway across the roadway.

22. The Property is subject to condemnation under the power of eminent domain, and Transwestern, as holder of the Certificate, has the right to condemn a perpetual easement and right-of-way in, over, upon, across and under the Property, and for a temporary workspace and temporary access road consistent with the terms of Exhibit 3, the terms of which are incorporated herein.

23. Transwestern is entitled to be granted a perpetual easement and right-of-way in, over, upon, across and under the Property for the purposes, presently and at such time in the future as Transwestern may elect, of constructing, maintaining, operating, repairing, relocating, removing and/or replacing the certificated Phoenix Expansion Pipeline in a manner consistent with FERC's regulations, for the transportation of natural gas.

24. Transwestern is also entitled to be granted an interest of limited, reasonable ingress and egress over and across the Property for the use of reasonable and necessary pre-construction activities, including, but not limited to, surveys, examinations and tests, for construction activities, and for post-construction activities, including maintenance, operation, repair, relocation, removal and/or replacement of the pipeline, and clearance of trees and plants, undergrowth and other natural or manmade obstruction that may injure or endanger the Phoenix Expansion Pipeline or interfere with Transwestern's ability to access, monitor, maintain, operate, repair, relocate, remove or replace any portion of the Phoenix Expansion Pipeline.

25. Transwestern is not entitled to and does not seek to disturb the Owners' rights to cultivate or otherwise make use of the Property for purposes in a manner which will not interfere with the enjoyment of use of the rights, easement, and estate sought by

Transwestern, but Transwestern is entitled to be granted the right to preclude anyone from constructing or locating any houses, buildings, walls, structures, lakes, ponds, trenches or any other obstruction on or over each right-of-way, or any part thereof, as surveyed and finally determined.

26. Transwestern is also entitled to be granted the full right and authority to lease, sell, assign, transfer, encumber and/or convey to others the right-of-way, estate, interest, rights, and privileges related to the Phoenix Expansion Pipeline granted to Transwestern through the power of eminent domain.

27. Transwestern also is entitled to acquire in the Property a temporary easement for use as a temporary work space and temporary roadway during the construction of the Phoenix Expansion Pipeline for a reasonable time, after which such Property will revert back to the Owners.

## COUNT II

### (Preliminary Injunction)

28. Transwestern hereby incorporates the allegations of each of the foregoing paragraphs as if set forth fully herein.

29. As explained more fully in Count I, Transwestern is authorized by federal law, and specifically 15 U.S.C. § 717f(h) and other portions of the Natural Gas Act, to condemn and take possession of a perpetual easement and right-of-way in, over, upon, across and under the Property and for a temporary workspace and access road so that construction of the Phoenix Expansion Pipeline may commence, and so that the need identified in the Certificate may be satisfied.

30. Transwestern will suffer irreparable harm if Transwestern is not permitted to begin immediate construction of the Phoenix Expansion Pipeline, including but not limited to the engineering difficulties associated with an inability to complete the Phoenix Expansion Pipeline in a sequential manner, increased construction expense, and incalculable customer contract damages and/or lost sales and profits.

31. The public will also suffer irreparable harm if Transwestern is not

permitted to begin immediate construction of the Phoenix Expansion Pipeline, including but not limited to an inadequate supply of natural gas and inflated prices due to lack of competition in natural gas distribution in the Phoenix metropolitan area and surrounding areas.

32.     Transwestern's interests and the public interest outweigh the interest of the Owners in maintaining exclusive possession of the Property during the valuation adjudication.

## REQUESTED RELIEF

WHEREFORE, Transwestern Pipeline Company, LLC respectfully demands judgment in favor of Transwestern and against Defendant Property, Defendant Owners, and Defendant Unknown Owners as follows:

A.     For entry of a Preliminary Injunction granting Transwestern possession of the interests sought in the Property to construct the Phoenix Expansion Pipeline in, over, upon, across and under Property described in Exhibits 2 and 3;

B.     For the initiation of proceedings to determine the just compensation due to each defendant landowner for the taking of the Property described in Exhibits 2 and 3 pursuant to Rule 71A of the *Federal Rules of Civil Procedure*;

C.     For a judgment condemning the following property interests: easement and right-of-way in, over, upon, across and under the Property, and to use a portion of the Property for temporary workspace and a temporary roadway as described in Exhibits 2 and 3 for all public purposes and interests identified in the Certificate upon payment to defendant landowners for all just compensation directed by the Court; and

For such other and further relief, at law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 *Federal Rules of Civil Procedure*, Plaintiff makes demand for a Jury Trial as the issue is of just compensation as provided for in Rule 71A, *Federal Rules of Civil Procedure*.

DATED this 19th day of November, 2007.

          **RYLEY CARLOCK & APPLEWHITE,**
          A Professional Association

          By /s/ John C. Lemaster
              John C. Lemaster
              William B. McManus
              Robert J. Pohlman
              Rodolfo Parga, Jr.
              John M. Fry
              Kara A. Ricupero
              Peter J. Borns
              Sean T. Hood
              Attorneys for Plaintiff