BRYAN CAVE LLP, #00145700
Steven A. Hirsch, #006360
sahirsch@bryancave.com
Landon W. Loveland, #024033
landon.loveland@bryancave.com
Michael D. Latham, #023950
michael.latham@bryancave.com
Two N. Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone:  (602) 364-7000
Fax:  (602) 364-7070

Attorneys for Defendants First American Title Insurance Company, as Trustee under Trust 8435 and Trust 8346, also referred to as Trusts 3435 and 3436, and W.V.S.V. Holdings, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Transwestern Pipeline Company, LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br><br>    vs.<br><br>46.78 acres, more or less, of permanent easement located in Maricopa County; 58.84 acres, more or less, of temporary construction easement located in Maricopa County; 23.46 acres, more or less, of temporary access road easement located in Maricopa County; First American Title Insurance Company, a California corporation, as Trustee under Trust 8435 and Trust 8436, also referred to as Trusts 3435 and 3436; 10K, LLC, an Arizona limited liability company; Phoenix Holdings II, LLC, an Arizona limited liability company; W.V.S.V. Holdings, LLC, an Arizona limited liability company; and Unknown Owners,<br><br>           Defendants. | No. CV-07-2312-PHX-JWS<br><br>**ANSWER OF DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY, AS TRUSTEE UNDER TRUST 8435 AND TRUST 8436, ALSO REFERRED TO AS TRUSTS 3435 AND 3436, AND W.V.S.V. HOLDINGS, LLC**<br><br>Parcel No. MA-169 |

602035.1:0202641

Defendants First American Title Insurance Company, as Trustee under Trust 8435 and Trust 8436, also referred to as Trusts 3435 and 3436, and W.V.S.V. Holdings, LLC (collectively "Answering Defendants") answer the Verified Complaint ("Complaint") of Plaintiff Transwestern Pipeline Company, LLC ("Transwestern") as follows:

1. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1, and therefore deny the same.

2. Answering paragraph 2, Answering Defendants admit that the Federal Energy Regulatory Commission ("FERC") granted a Certificate of Public Convenience and Necessity ("Certificate") to Transwestern as alleged, and that a copy of the Certificate is attached to the Verified Complaint.

3. Answering Defendants admit the Certificate imposes conditions on Transwestern and alleges that the Certificate speaks for itself. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 3, and therefore deny the same.

4. Answering Defendants deny the allegations in paragraph 4.

5. Answering Defendants admit that they possess a compensable interest in certain real property described in the Complaint ("Property"), and that Transwestern has not been granted a perpetual easement for the Property.

6. Answering Defendants admit the Property is located in Maricopa County and that Transwestern has not been granted a temporary workspace or access to the Property.

7. Answering Defendants admit that the Property is located in Maricopa County and that Transwestern has not been granted permission to use the Property as a temporary roadway.

8. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8, and therefore deny the same.

9. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9, and therefore deny the same.

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

10. Answering Defendants admit that 15 U.S.C. § 717f(h) and 28 U.S.C. § 1331 confer jurisdiction subject matter jurisdiction on this court.

11. Answering Defendants admit that just compensation for the easement sought by Transwestern will exceed $3,000.

12. Answering Defendants admit that the Property is located within the District of Arizona and venue is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

13. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13, and therefore deny the same.

14. Answering Defendants admit that Transwestern filed an application to expand its existing pipeline with FERC. Answering Defendants are without information sufficient to form a belief as to the truth or falsity as to the remaining allegations in paragraph 14, and therefore deny the same.

15. Answering Defendants deny the allegations in paragraph 15.

16. Answering Defendants deny the allegations in paragraph 16.

17. Answering Defendants deny the allegations in paragraph 17.

18. Answering Defendants admit Transwestern seeks the relief described in paragraph 18. Answering Defendants object to the issuance of a preliminary injunction in this action.

## COUNT I

**(Condemnation Under Power of Eminent Domain)**

19. Answering Defendants repeat and incorporate by reference the answers and responses to paragraphs 1 to 18 of the Complaint as if fully set forth herein.

20. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20, and therefore deny the same.

21. Answering Defendants deny the allegations in paragraph 21.

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
(602) 364-7000

22. Answering Defendants deny the allegations in paragraph 22.

23. Answering Defendants deny the allegations in paragraph 23.

24. Answering Defendants deny the allegations in paragraph 24.

25. Answering Defendants deny the allegations in paragraph 25.

26. Answering Defendants deny the allegations in paragraph 26.

27. Answering Defendants deny the allegations in paragraph 27.

## COUNT II

### (Preliminary Injunction)

28. Answering Defendants repeat and incorporate by reference the answers and responses to paragraphs 1 to 27 of the Complaint as if fully set forth herein.

29. Answering Defendants deny the allegations in paragraph 29.

30. Answering Defendants deny the allegations in paragraph 30.

31. Answering Defendants deny the allegations in paragraph 31.

32. Answering Defendants deny the allegations in paragraph 32.

33. Answering Defendants further deny each allegation of the Complaint not admitted above.

## **AFFIRMATIVE DEFENSES AND OBJECTIONS TO THE TAKING**

34. Answering Defendants deny that Transwestern is entitled to any of the relief it seeks.

35. Transwestern's Complaint fails to state a claim upon which relief can be granted.

36. Transwestern's attempted exercise of the power of eminent domain and immediate possession is illegal, improper and invalid under the United States Constitution and the laws of the United States of America, for the following reasons, among others:

    (a)    the action is not authorized by the Natural Gas Act;

        (b)    immediate possession is not warranted by the Natural Gas Act or any other law of the United States of America;

        (c)    the action involves a taking of Answering Defendants' property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

37. Transwestern has failed to meet conditions precedent for instituting this action under 15 U.S.C. § 717.

38. Answering Defendants further incorporate all objections to the issuance of the Certificate asserted by Stardust-Tartesso W12, Inc. as stated in the Certificate and as submitted in the FERC proceeding.

39. Answering Defendants reserve the right to assert such other affirmative defenses as may be applicable following further investigation and discovery in this matter.

WHEREFORE, Defendants First American Title Insurance Company, as Trustee under Trust 8435 and Trust 8436, also referred to as Trusts 3435 and 3436, and W.V.S.V. Holdings, LLC pray and demand that if Transwestern is allowed to proceed forward with

. . .

. . .

condemnation of these Defendants' property, that the appropriate Defendants be paid full, fair and just compensation for the taking, including severance damages and damages for unnecessarily and unreasonably burdening remaining property owned by certain Defendants interest and all other damages awardable under law, and for a jury trial of this action.

DATED this 27th day of December, 2007.

BRYAN CAVE LLP

By s/Steven A. Hirsch
Steven A. Hirsch, #006360
Landon W. Loveland, #024033
Michael D. Latham, #023950
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Attorneys for Defendants First American Title Insurance Company, as Trustee under Trust 8435 and Trust 8436, also referred to as Trusts 3435 and 3436, and W.V.S.V. Holdings, LLC

**COPY** of the foregoing e-mailed this 27th day of December, 2007 to:

John C. Lemaster, #011588
jlemaster@rcalaw.com
William B. McManus, #013607
wmcmanus@rcalaw.com
Robert J. Pohlman, #004601
rpohlman@rcalaw.com
Rodolfo Parga, Jr., #015514
rparga@rcalaw.com
John M. Fry, #020455
jfry@rcalaw.com
Kara A. Ricupero, #020647
kricupero@rcalaw.com
Peter J. Borns, #020998
pborns@rcalaw.com
Sean T. Hood, #022789
shood@rcalaw.com

**Bryan Cave LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1  Ryley Carlock & Applewhite
2  One N. Central Avenue, Suite 1200
   Phoenix, AZ  85004-4417
3
4  s/ Cathy Tardy
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
(602) 364-7000