**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **TRANSWESTERN PIPELINE COMPANY, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | **2:07-cv-02312 JWS** |
| **vs.** | ) ) | **ORDER AND OPINION** |
| | ) ) | **[Re: Motion at Docket 193]** |
| **46.78 ACRES, MORE OR LESS, OF PERMANENT EASEMENT LOCATED IN MARICOPA COUNTRY, *et al.*,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**I.  MOTION PRESENTED**

At docket 193, plaintiff Transwestern Pipeline Company, LLC ("Transwestern") moves for summary judgment on all remaining claims in this action.  At docket 198, defendants First American Title Insurance Company, as Trustee under Trusts 8435 and 8436,[1] and WVSV Holdings, LLC ("defendants") oppose the motion.  Transwestern replies at docket 201.  Oral argument was requested, but it would not assist the court.

---

[1]Also referred to as Trusts 3435 and 3436.

## II.  BACKGROUND[2]

This action involves Transwestern's condemnation of property for an easement transecting a parcel of defendants' property located in the Town of Buckeye, Arizona, for the purpose of constructing the approximately 260-mile expansion of Transwestern's existing interstate natural gas pipeline in accordance with a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on November 15, 2007.[3]  WVSV Holdings, LLC is the beneficial owner of the subject property, while First American Title Insurance Company, as Trustee under Trusts 8435 and Trust 8436, holds the title to the majority of the property.[4]

By order dated June 19, 2008, the court granted the parties' stipulation allowing Transwestern's immediate entry and possession of a 50-foot-wide permanent easement, temporary workspace and temporary access roadway transecting the subject property.  The sole remaining issues in this condemnation action involve: 1) the amount of compensation for the permanent easement; 2) the amount of compensation for usage of the temporary workspace for the period to install the natural gas pipeline; and 3) the amount of compensation for severance damages, if any, to the remainder of the property.

Transwestern's expert, Donald Duncan, valued the permanent easement and use of the temporary workspace at $317,300.  Defendants' expert, James Chalmers,

_____

[2]The facts in this background section are undisputed.  *See,* docs. 194 and 199.

[3]Doc. 65.

[4]Doc. 161-1 at p. 5.

valued the permanent easement and use of the temporary workspace at $336,900.
Mr. Duncan valued defendants' alleged severance damages at $0.00.  By orders filed
on April 14 and 26, 2010, the court excluded all of defendants' proffered expert opinions
and reports concerning severance damages.[5]  Defendants moved for reconsideration of
the court's orders, which the court denied by order filed on June 1, 2010.[6]

### III.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment
should be granted if there is no genuine dispute as to material facts and if the moving
party is entitled to judgment as a matter of law.  The moving party has the burden of
showing that there is no genuine dispute as to material fact.[7]  The moving party need
not present evidence; it need only point out the lack of any genuine dispute as to
material fact.[8]  Once the moving party has met this burden, the nonmoving party must
set forth evidence of specific facts showing the existence of a genuine issue for trial.[9]
All evidence presented by the non-movant must be believed for purposes of summary
judgment, and all justifiable inferences must be drawn in favor of the non-movant.[10]
However, the nonmoving party may not rest upon mere allegations or denials, but must

---

[5]Docs. 179, 180,

[6]Docs. 182, 186.

[7]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]*Id.* at 323-25.

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[10]*Id.* at 255.

show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[11]

## IV.  DISCUSSION

Transwestern argues that it is entitled to summary judgment on the grounds that there in no dispute as to its entitlement to the permanent easement, no dispute of material fact as to the compensation owed defendants for the permanent easement and temporary workspace, and no dispute of material fact regarding the lack of severance damages.  In opposition to the motion, defendants argue that the court erred in excluding all four of defendants' witnesses on the issue of severance damages, and request the court to revisit its decisions at dockets 179, 180, 182, and 196.

As to the amount of compensation owed defendants for the permanent easement and temporary workspace, Transwestern states that it will not oppose entry of a judgment in the amount of $336,900, the amount determined by defendants' expert as the compensation due for the permanent easement and temporary workspace. Defendants did not oppose the entry of $336,900 as the compensation due for the permanent easement and temporary workspace.  Thus, plaintiffs are entitled to summary judgment on the amount of compensation due for the permanent easement and temporary workspace.

As to the amount of compensation for severance damages, if any, to the remainder of the property, Transwestern argues that defendants cannot establish a prima facie claim for severance damages in light of the court's prior orders excluding all

---

[11]Id. at 248-49.

-4-

of defendants' witnesses on the issue of severance damages.  Defendants concede that they have no evidence to present at trial on the issue of severance damages, but argue that the court erred in excluding its four witnesses concerning severance damages and request the court to "revisit" or reconsider its prior orders.  Here, as in defendants' prior motions for reconsideration, defendants have not presented any newly discovered evidence or shown that the court committed clear error in its orders at dockets 179, 180, 182, and 196.  Nor have defendants shown that an intervening change in controlling law has occurred.  Accordingly, the court denies defendants' request to revisit its prior orders excluding the expert witness testimony and reports defendants proffered in support of severance damages.  Because there is no dispute of material fact regarding severance damages, Transwestern is entitled to summary judgment on defendants' claim for severance damages.

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 193 for summary judgment as to all of its remaining claims is **GRANTED**.  Plaintiff shall please lodge a proposed form of judgment.

DATED this 1st day of November 2010.


/s/JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE